UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KMART CORPORATION,

                              Plaintiff,

                                             CIVIL CASE NO. 04-40342

v.

AREEVA, INC., et al.,                        HONORABLE PAUL V. GADOLA
                                             U.S. DISTRICT COURT
                              Defendants.
_____/


**ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS AND
GRANTING PLAINTIFF'S MOTION FOR A JUDGMENT ON THE PLEADINGS**


        Before the Court are three motions: Defendants Areeva and Facca's Motion to Dismiss, filed on January 21, 2005 [docket entry 25]; Defendant Cesca's Motion to Dismiss, filed on January 21, 2005 [docket entry 33]; and Plaintiff Kmart's Motion to Dismiss, filed on April 8, 2005 [docket entry 56]. The Court held a hearing on these motions on September 13, 2005. For the reasons set forth below, the Court grants Defendants' motions to dismiss in part, and dismisses the rest of motions without prejudice, while granting Plaintiff leave to amend its complaint. The Court also grants Plaintiff's motion for a judgment on the pleadings.

## I. Background

        On November, 23, 2004 Plaintiff Kmart filed its complaint, in diversity, against Defendants William Mayville, Andrew Facca, Fabio Cesca, and Areeva, Inc. ("Areeva"). Plaintiff filed an amended complaint soon after on December 10, 2004. In fourteen federal and state claims, Plaintiff

Kmart alleges that Mayville, a senior Kmart employee, conspired with Areeva and two of Areeva's employees, Facca and Cesca, to defraud Kmart of millions of dollars. Defendants Areeva and Facca filed one motion to dismiss the claims, and Defendant Cesca filed a similar motion to dismiss.[1]

Shortly after the complaint was filed, on December 12, 2004, the Detroit News and Free Press published a front-page article entitled "Kmart: Manager stole millions." The article summarized the allegations made by Plaintiff its amended complaint. The article also contained a quote from Stephen Pagnani, a "spokesman" for Plaintiff Kmart, who said, "The fact that we filed the lawsuit demonstrates that we caught him." In response to the newspaper article, Defendant Mayville filed counterclaims against Plaintiff: defamation, false light invasion of privacy, and injurious falsehood. In response to the counterclaims, Plaintiff filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).

## II.    Defendants' Motions to Dismiss

### A.    Counts 1-12

Against Counts 1-12, Defendants bring a variety of arguments for why these counts should be dismissed in their entirety, or with respect to certain Defendants. Defendants' primary argument supporting their motions to dismiss is that Plaintiff has failed to plead sufficiently several of the

counts contained in the amended complaint. In the responses to the motions to dismiss, Plaintiff disputes all of Defendants' arguments, but also requests, should this Court find any of the claims to

---

[1]Defendant Mayville filed a concurrence on February 10, 2005, agreeing with both of Defendants' motions to dismiss. Since the concurrence is not a motion seeking relief, but simply concurs in the reasoning of the other Defendants, the Court need not consider the concurrence.

be pled insufficiently, that Plaintiff have an opportunity to file a second amended complaint.

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court believes that an amended complaint would be a benefit to the case in the current situation, and thus would serve the interests of justice. At the hearing, Plaintiff stated that it now had much more information concerning Defendants and their actions than what Plaintiff knew at the time the first Amended complaint was filed, and that such information would shore up any alleged deficiencies in the complaint. Plaintiff also conceded that their breach of contract claim (Count 9) was too broad, incorrectly including some of the individual defendants. Furthermore, during the hearing, it became obvious to the Court that some of the facts alleged in the First Amended Complaint would benefit from clarification, including, for example, the current citizenship of Defendant Areeva, the number of employees at Areeva, and Defendant Cesca's past employment status with Areeva.

Plaintiff has indicated both at the hearing and in its response briefs that it is willing to file an amended complaint. An amended complaint would not only clarify the causes of action before this court, but would enable Plaintiff to include any additional information gathered over the past several months. This might in turn address Defendants' concerns about the alleged deficiency of pleadings currently found in Plaintiff's amended complaint.

Therefore, the Court orders Plaintiff to amend its pleadings in a manner not inconsistent with this order. The Court also dismisses without prejudice Defendants' motions with regard to Counts 1-12, without deciding the motions on their merits.

**B.     Counts 13 and 14**

3

Defendants move to strike Count 13, "Constructive Trust and Accounting," because it is redundant. Count 13 is not properly a separate claim or cause of action, but rather, it is a request by Plaintiff for certain relief in addition to its money damages, relief that Plaintiff asks for elsewhere in its amended complaint or which has already, in part, been granted. In Count 13, Plaintiff requests "the imposition of a constructive trust," "an accounting" of the property, and an order restraining Defendants from disposing of assets. At the end of each of the previous twelve counts, Plaintiff requests "the imposition of a constructive trust" and "equitable accounting." Further, the assets in dispute have been placed in escrow through the Stipulated Order filed on December 16, 2004. Thus, in the interests of simplifying the counts in this case, the Court dismisses Count 13 as unnecessary, while retaining Plaintiff's requests for relief through a constructive trust and equitable accounting contained in Counts 1-12.

Defendants also move to dismiss Count 14, "Preservation Order," because it is moot. In this count, Plaintiff requests that the Court issue an order "for the preservation and non-destruction of evidence that may be related to the litigations, including, but not limited to, all documents removed from Kmart by the defendants and the laptop which Areeva used during its work with Kmart." In this Court's Stipulated Order from December 16, 2004, Paragraph 8 stated:

> All parties to this action shall preserve any and all evidence related to any work by the defendants that involved Kmart, and shall not conceal or dispose of any documents or records related to such work, including documents or records maintained on laptops/computers used in connection with such work, to the extent that any such documents, evidence, or records are in a party's possession, custody or control.

Count 14 requests the same relief that has been granted in this December 16, 2004 Stipulated Order. Therefore, the Court dismisses Count 14 as moot.

4

## III.    Plaintiff's Motion to Dismiss

Defendant Mayville has filed three counts (defamation, false light invasion of privacy, and injurious falsehood) in a counterclaim against Plaintiff.  Pursuant to Fed. R. Civ. P. 12(c), Plaintiff moved for a judgment on the pleadings.  When, as here, a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) challenges the legal basis of the complaint, the motion is treated under the standards for motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  *See Kramer v. Van Dyke Pub. Schs.*, 918 F. Supp. 1100, 1104 (E.D. Mich. 1996) (Gadola, J.)

All three claims made by Defendant Mayville rely on the statement by the Kmart spokesman: "The fact that we filed the lawsuit demonstrates that we caught him."  In its motion for a judgment on the pleadings, Plaintiff argues that the offensive statement by the Kmart spokesman is privileged under Michigan's Fair Reporting Privilege, and thus Mayville's counterclaims should be dismissed as a matter of law.  Mayville's counter-argument is that the Fair Reporting Privilege does not apply to the spokesman's statement.  This issue of whether the spokesman statement is privileged or not is a question of law that can be determined on the pleadings.  *See Koniak v. Heritage Newspapers, Inc.*, 476 N.W.2d 447, 449 (Mich. Ct. App. 1991) ("The question whether a privilege exists, immunizing a libel defendant from liability, is one of law.").

The governing statute, Michigan's Fair Reporting Privilege, states:

Damages shall not be awarded in a libel action for the publication or broadcast of ***a fair and true report of matters of public record***, a public and official proceeding, or of a governmental notice, announcement, written or recorded report or record generally available to the public, or act or action of a public body, or for a heading of the report which is a fair and true headnote of the report.  This privilege shall not apply to a libel which is contained

5

in a matter added by a person concerned in the publication or contained in the report of anything said or done at the time and place of the public and official proceeding or governmental notice, announcement, written or recorded report or record generally available to the public, or act or action of a public body, which was not a part of the public and official proceeding or governmental notice, announcement, written or recorded report or record generally available to the public, or act or action of a public body.

M.C.L. § 600.2911(3) (emphasis added).

For the most part, the Detroit Free Press newspaper article simply summarizes the allegations that Plaintiff made in its complaint.  It is clear that all of these allegations made in the newspaper article are covered by the Fair Reporting Privilege, because they are simply the publication "of a fair and true report of matters of public record."  M.C.L. § 600.2911(3).  *See Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180, 187-88 (6th Cir. 2003) ("[A] party's publication of any actual court filing or statement made in a judicial proceeding is privileged because the public has a legitimate interest in accessing and viewing that type of information.").  Further, a verbatim repetition of the matters of public record is not required for the privilege to apply.  Instead, Michigan appeals courts have stated that in order to be a "fair and true report", "[t]he information obtained and published must *substantially represent* the matter contained in the court records. . . such a standard is met, and a defendant is not liable, where the "gist" or the "sting" of the article is substantially true."  *Koniak v. Heritage Newspapers, Inc.*, 476 N.W.2d 447, 450 (Mich. Ct. App. 1991) (emphasis added).

Throughout Kmart's 181-paragraph Amended Complaint, Kmart makes many allegations that would fall squarely within the Fair Reporting Privilege, as they are matters of public record: that Mayville "was selling goods to Areeva for prices lower than fair market value" (Amend. Compl. at ¶ 71); that, in so doing, Mayville "conspired to defraud Kmart of millions of dollars" (Amend.

6

Compl. at ¶ 1); and that this unlawful conduct "would have continued, perhaps indefinitely, had Kmart not uncovered the scheme." (Amend. Compl. at ¶ 89). The spokesman statement, "The fact that we filed the lawsuit demonstrates that we caught him," does not add anything additional to the already privileged allegations. Instead, it simply reiterates the allegations: that Plaintiff Kmart uncovered the person involved in the fraudulent scheme, and a resulting lawsuit has been filed against him. The statement "substantially represents" the matters of the amended complaint, matters of public record which are privileged under Michigan's Fair Reporting Privilege. Therefore, the Court finds that the statement made by Plaintiff's spokesman is privileged as a matter of law, and thus finds for Plaintiff against Defendant Mayville's counterclaims.

**IV.     Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [docket entries 25 and 33] are **GRANTED IN PART** as to Counts 13 and 14 which are hereby **DISMISSED**, and the remainders of the Motions are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall, within **fourteen (14) days** of the filing of this order, **FILE AN AMENDED COMPLAINT** not inconsistent with this order. Failure to file an amended complaint within that time may result in a dismissal of Plaintiff's claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [docket entry 56] is **GRANTED** and Defendant Mayville's Counterclaims [included in docket entry 29] are **DISMISSED**.

**SO ORDERED.**

7

Dated:  September 20, 2005                         s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  September 20, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Jennifer S. Buckley; Mary K. Deon; Jonathan W. Fountain; Michael W. Groebe; Michael W. Hartmann; Frederick R. Juckniess; Brian L. Levine; Matthew J. Lund; David S. Mendelson; Timothy D. Wittlinger                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


                                                   s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845