UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KMART CORP., et al.,

                         Plaintiffs,

                                              CIVIL CASE NO. 04-40342

v.

AREEVA CORP., et al.,                        HONORABLE PAUL V. GADOLA
                                                             U.S. DISTRICT COURT
                        Defendants.
_____/

## ORDER OVERRULING OBJECTIONS

On October 3, 2005, Defendant Mayville filed a motion for order seeking advancement of fees and costs. The motion was referred to Magistrate Judge Virginia M. Morgan. On October 21, 2005, Magistrate Judge Morgan issued an order denying Mayville's motion. Mayville filed objections to the magistrate judge's order on November 4, 2005. A corresponding response and reply were subsequently filed.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may reconsider any pretrial matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.").

This Court agrees with the magistrate judge's finding that Mayville was not an "officer" before his promotion to Divisional Vice President ("DVP"). Before February 1, 2004, the date Mayville was promoted to DVP, Mayville held the positions of "Director of Strategic Initiatives"

and "Director of Corporate Purchasing." The Court finds that these positions were not considered by Kmart to be "officer" or "junior officer" positions, but instead were considered mid-level management positions. Therefore, before his February 1, 2004 promotion, Mayville was not entitled to the indemnification awarded under the bylaws to directors or officers of the corporation.

The Court also agrees with the magistrate judge's determination that the indemnity provisions of Kmart's 2003 bylaws are not applicable to Mayville's position as DVP. In Article IV, Section 7 of the bylaws, the position of DVP is considered a "junior officer" position. This section of the bylaws go on to state: "Any such junior officers shall not be considered corporate officers." Because a DVP is not a "corporate officer," it is not a position entitled to the Article VI indemnification awarded to any "director or officer of the Corporation." Kmart also provided lists of its corporate officers and directors for the years during which Mayville worked for Kmart. Neither Mayville nor any other DVP was listed thereon. Therefore, since the indemnity provisions of Kmart's bylaws do not cover Mayville in his position as DVP, Mayville is not entitled to an advancement of fees and costs.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Mayville's objections to the Magistrate Judge's order [docket entry 96] are **OVERRULED**.

**SO ORDERED.**

Dated:   December 6, 2005             s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   December 6, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Jennifer S. Buckley; Mary K, Deon; Brian E. Etzel; Jonathan W. Fountain; Michael W. Groebe; Michael W. Hartmann; Frederick R. Jucniess; Brian L. Levine; Matthew J. Lund; David S. Mendelson; Timothy D. Wittlinger                                   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                          .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845

3