UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KMART CORPORATION,

              Plaintiff,

                              CIVIL CASE NO. 04-40342

v.

AREEVA, INC., et al.,                     HONORABLE PAUL V. GADOLA
                                                U.S. DISTRICT COURT
              Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Kmart brings this diversity case against Defendants Areeva, Inc. ("Areeva"), Andrew Facca, Fabio Cesca, and William Mayville. Kmart first filed its complaint on November 23, 2004. Kmart later filed an amended complaint on December 10, 2004, called the First Amended Complaint ("FAC"). Defendants each filed motions to dismiss the FAC, primarily arguing that Plaintiff failed to sufficiently plead the counts of fraud. On September 20, 2005, this Court denied Defendants' motions to dismiss without prejudice and ordered Plaintiff to file a Second Amended Complaint ("SAC"). The SAC was filed on October 4, 2005.

In the SAC, Kmart alleges in twelve federal and state claims, that Mayville, Kmart's Divisional Vice President of Corporate Purchasing, conspired with Areeva and two of Areeva's employees, Facca and Cesca, to defraud Kmart of millions of dollars.

Before the Court are two motions to dismiss. On January 23, 2006, Defendant Cesca filed a motion to dismiss the SAC for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Cesca's motion renews the arguments made in his earlier motion to dismiss the FAC, as Cesca argues that the pleading deficiencies in the FAC

have not been corrected in the SAC. On February 13, 2006, Defendants Areeva and Facca filed a motion to dismiss Plaintiff's Count 1, a claim under 18 U.S.C. 18 § 1962(a), pursuant to Federal Rule of Civil Procedure 12(c). Responses and replies have been filed for both motions and oral arguments were heard. For the reasons stated below, the Court will deny both motions to dismiss.

**I.	Background**

The facts are taken from Kmart's pleadings. Kmart is a Michigan corporation with a principal place of business in Michigan. Areeva is a Nevada corporation, with a principal place of business in Ontario, Canada. Facca is the President and sole owner of Areeva, and a citizen of Ontario, Canada. Cesca is an employee of Areeva and also a citizen of Ontario. Mayville, another Ontario citizen, is a former senior employee with Kmart.

In February of 2002, Mayville hired Areeva to help liquidate assets from a Kmart storage warehouse in Melvindale, Michigan. Kmart alleges that Mayville hired Areeva because Areeva's President, Facca, was Mayville's friend. Kmart further alleges that Mayville hid this prior relationship from Kmart. Cesca is allegedly a longtime friend of Facca, and joined Areeva in early 2003.

Areeva's work for Kmart continued until approximately May or June 2004. Areeva was the only company used by Kmart for liquidating the assets from the Melvindale warehouse. During this time, Kmart alleges that Areeva, its employees, and Mayville committed a series of fraudulent wrongdoings: certain sales of assets were not reported, assets were falsely reported being sold at a lower price; and different quantities of assets were reported sold than were actually sold. Mayville also allegedly paid Areeva unnecessary fees for "consulting services" and "liquidating expenses." These actions and dealings between Mayville and Areeva were allegedly concealed and pieces of

evidence and incriminating documentation were stolen or destroyed. The profits from these actions were allegedly kept by Areeva and shared with Mayville. Kmart alleges that it may have lost more than five million dollars.

Kmart brings twelve claims against Defendants: (1) civil RICO; (2) common law conversion; (3) breach of fiduciary duty; (4) common law fraud / fraudulent misrepresentation; (5) silent fraud / fraudulent concealment; (6) negligent misrepresentation / negligent omission / negligence; (7) innocent misrepresentation; (8) statutory conversion; (9) breach of contract (against Defendants Areeva and Facca only); (10) unjust enrichment; (11) civil conspiracy; and (12) acquisition of trade secrets by improper means.

## II.    Cesca's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b)

In his motion to dismiss, Defendant Cesca argues that all of Kmart's eleven claims against Cesca should be dismissed because Kmart has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, for those claims which involve fraud, Cesca argues that Kmart has failed to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires that fraud be stated with particularity.

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

The general rule governing pleadings, Federal Rule of Civil Procedure 8, states only that "a short and plain statement of the claim showing that the pleader is entitled to relief" is needed. However, if there are allegations of fraud, Rule 9(b) applies: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Speaking about the particularity requirement for allegations of fraud, the Sixth Circuit has stated the following:

> The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud. The Sixth Circuit reads rule 9(b)'s requirement "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." This liberal reading stems from the influence of Rule 8, which "requires a 'short and plain statement of the claim,' and calls for 'simple, concise, and direct' allegations." Even against Rule 8's "backdrop admonition of simplicity in pleading," "however, allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made."

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citations omitted).

> The Sixth Circuit has also stated that:
>
> In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud "with particularity," a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8. Rule 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct" allegations. Indeed, Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony. "Thus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1298, at 407 (1969).
>
> Given this backdrop admonition of simplicity in pleading, we note that the purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading.

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (citation omitted).

When considering those counts specifically involving fraud, Counts 1, 4, and 5, the Court finds that Kmart has made sufficient pleadings. In its 52-page SAC, Kmart sets out many allegations in support of fraud on the part of Cesca. Kmart identifies Areeva as a company with only two main employees, Facca and Cesca, involved in a fraudulent conspiracy with Mayfield. Kmart identifies the nature of the fraud: selling Kmart assets without reporting the sales, reporting the sales at lower prices, or reporting sales at different quantities than actually sold. Specifically concerning Cesca, Kmart alleges that Cesca managed the day-to-day operations of Areeva; that Cesca kept Areeva's records, received payments from purchasers, received requests for shipment of assets, arranged for sales, and instructed purchasers as to where to give the payment; that Cesca failed to provide required documentation and reports of Areeva's transactions; that Cesca made false reports; that

5

Cesca removed documents from his office; and that Cesca misled and lied to Kmart audit staff to cover up the fraudulent scheme. Kmart also describes the time frame of the fraud, occurring between February 2002 and June 2004, with Cesca joining the organization in early 2003.

More specifically, for Count 1, the Court finds that Kmart has sufficiently pled predicate offenses, an enterprise, a separate and traceable injury, and Cesca's participation in the enterprise. Similarly, for Counts 4 and 5, the Court finds that Kmart has sufficiently pled fraud and silent fraud: Kmart alleged that Cesca, Facca, and Mayville prepared false and misleading reports and concealed information concerning Areeva's accounts and that Kmart relied on their misrepresentations, suffering millions of dollars in damage as a result; Kmart also alleges that Cesca failed to disclose certain information and refused to provide certain documentation when asked by Kmart, which caused further misrepresentation.

In conclusion, the Court finds that by means of Kmart's extensive allegations, Kmart does not simply make "a bare legal conclusion." *Michaels Bldg. Co.*, 848 F.2d at 680. Instead, the allegations made by Kmart are "adequate to provide notice of the claim to defendants" and thus, are " amply sufficient to survive a Rule 12(b)(6) motion." *Id.* at 681.

Kmart's allegations supporting the remaining counts of the SAC are all the more able to withstand Cesca's motion to dismiss because, insofar as these counts do not allege fraud, "the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Accordingly, Kmart has more than sufficiently pled the elements of the remaining counts of common law conversion, breach of fiduciary duty, negligent misrepresentation, innocent misrepresentation, statutory conversion, unjust enrichment, civil conspiracy, and

acquisition of trade secrets by improper means. Though these counts are not claims of fraud, some may hold averments of fraud, and, as discussed above, the Court finds that Kmart has satisfied the heightened pleading requirement for fraud. Thus, the Court will deny Cesca's motion to dismiss.

## III.     Defendants Areeva and Facca's Motion to Dismiss Plaintiff's § 1962(a) Claim

Plaintiff Kmart's Count 1 alleges violations of RICO, pursuant to 18 U.S.C. §§ 1962(a), (b), (c), and (d). In their motion to dismiss, Defendants Areeva and Facca only take issue with that portion of Count 1 dealing with 18 U.S.C. § 1962(a), arguing that their motion to dismiss should be granted, pursuant to Federal Rule of Civil Procedure 12(c), because Kmart's allegations do not satisfy the pleading requirements of 18 U.S.C. § 1962(a).

Federal Rule of Civil Procedure 12(c), which permits a motion for judgment on the pleadings, states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

18 U.S.C. § 1962(a) states:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). Courts have interpreted this section to mean that it is not sufficient for a plaintiff to allege that the profits from the illegal activity were reinvested into the same activity that lead to the profits in order to keep the activity ongoing. Instead, a plaintiff must allege that the

7

investment itself causes an new, separate injury beyond simply keeping a pre-existing enterprise in existence:

> Furthermore, the plaintiff must allege an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. This allegation is required because section 1962(a) "is directed specifically at the use or investment of racketeering income, and requires that a plaintiff's injury be caused by the use or investment of income in the enterprise."

*Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1188 (3d Cir. 1993) (citations omitted).

Defendants argue that Kmart has not alleged how it was injured by the use or investment of the alleged racketeering income. In opposition, Kmart argues that there are three instances where courts have not dismissed counts brought under § 1962(a):

1. Where the plaintiff's complaint alleges that the defendants' investment caused injury to a different victim than the one injured in the racketeering activity. *See, e.g.*, *Newmyer v. Philatelic Leasing, Ltd.*, 888 F.2d 385 (6th Cir. 1989).

2. Where the plaintiff's complaint alleges that the defendants' investment caused the same victim a different injury than was caused by the racketeering activity. *See, e.g.*, *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 444 (5th Cir. 2000).

3. Where the plaintiff's complaint alleges that the defendants' investment made it more difficult for the victim to uncover the scheme or effectively prosecute the defendant. *See, e.g.*, *Doe I v. Reddy*, 2003 U.S. Dist. LEXIS 26120 (N.D. Cal. Aug. 4, 2003).

Kmart argues that it has alleged injuries under instance 2 and instance 3. Defendants contest Kmart's argument, and argue instead that Kmart has not alleged that a separate injury occurred because of the investment of funds.

At this stage of litigation, "the Court must presume all well-pleaded factual allegations in

the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party." *Mayer*, 988 F.2d at 638. Considering this standard, the Court finds that Kmart has sufficiently pled a violation of 18 U.S.C. § 1962(a). First, Kmart has alleged a valid "type (b)" injury. In particular, Kmart alleges that Defendants used the income generated from the initial racketeering enterprise to engage in a different activity, by separately purchasing Kmart assets below market value for later resale. Also, Kmart has alleged a valid "type (c)" injury. In particular, Kmart alleges that Defendants used the income generated from the initial racketeering enterprise to establish an offshore corporation called "Areeva Global" in order to conceal Defendants' fraudulent activities. Both of these alleged injuries are separate injuries from the general fraudulent pattern alleged by Kmart, and thus, Kmart has sufficiently pled a cause of action under 18 U.S.C. § 1962(a).

## IV.     Conclusion

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [docket entries 109 and 127] are **DENIED**.

    **SO ORDERED.**


Dated:   September 29, 2006                               s/Paul V. Gadola
                                                         HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Jennifer M. Buckley; Brian E. Etzel; Jonathan W. Fountain; Michael W. Hartmann; Frederick R. Juckniess; David S. Mendelson; Timothy D, Wittlinger                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                William Mayville         .

                                                      s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845